IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

WAYNE DALE KELLBERG,

Plaintiff,

vs.

RICKY SHELBOURNE,

Defendant.

CV 19-50-M-DLC-JCL

FINDINGS AND
RECOMMENDATION

Plaintiff Wayne Kellberg, appearing pro se in this action, filed a motion to proceed in forma pauperis under 28 U.S.C. § 1915(a). He also filed his complaint.

A district court has discretion to deny leave to proceed in forma pauperis under section 1915(a) "if it appears from the face of the proposed complaint that the action is frivolous or without merit[,]" i.e. lacking any arguable basis in fact or law. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998).

In his complaint Kellberg identifies Defendant Ricky Shelbourne as a supervisor employed by the FBI. For his statement of claims Kellberg simply states "slandering fairness pain & suffering". (Doc. 2 at 6.) Kellberg does not present further facts supporting his allegations.

Because Kellberg is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings

1

drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also*

*Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal

construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting

*Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

But even with liberal construction of Kellberg's pleading, the Court finds his

allegations against Shelbourne fail to state any claim upon which relief could be

granted as required by Fed. R. Civ. P. 8(a). He does not present facts describing

what Shelbourne did, or failed to do, that would subject him to liability under any

legal theory.

Additionally, the Court concludes this action is barred under the doctrine of

res judicata. Although a federal court must be cautious in raising a preclusion bar

sua sponte, it is appropriate to do so in special circumstances. *Arizona v.*

*California*, 530 U.S. 392, 412 (2000).

> [I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the

burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.

*Arizona*, at 412 (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)). "As a general matter, a court may, sua sponte, dismiss a case on preclusion grounds 'where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.'" *Headwaters, Inc. v. United States Forest Service*, 399 F.3d 1047, 1054-55 (9th Cir. 2005) (quoting *Evarts v. W. Metal Finishing Co.*, 253 F.2d 637, 639 n.1 (9th Cir. 1958)). Thus, where judicial resources have previously been spent on the resolution of a particular prior case, special circumstances can be found warranting the court's sua sponte application of res judicata to a subsequent attempt to relitigate the same case. *Cf. Arizona*, at 412-413, and *Headwaters, Inc.* at 1056-57.

This Court has notice of the facts and circumstances of Kellberg's prior civil actions filed in this Court, each of which were captioned as *Kellberg v. Ricky Shelbourne, Supervisor FBI*, and filed in cause numbers CV 18-176-M-DLC-JCL (*Kellberg I*), CV 18-204-M-DLC-JCL (*Kellberg II*), and CV 19-37-M-DLC-JCL (*Kellberg III*). This Court expended judicial resources addressing the merits of Kellberg's claims pled against Defendant Ricky Shelbourne in *Kellberg I*, *Kellberg II*, and *Kellberg III*. On November 29, 2018, and February 8, 2019, respectively,

the Court entered an order and a judgment dismissing *Kellberg I* and *Kellberg II*.
And on February 28, 2019, the Court entered its recommendation that *Kellberg III*
also be dismissed as barred by res judicata.

Nonetheless, Kellberg now seeks to commence a new lawsuit against
Shelbourne which asserts the same unsupported claims he presented in *Kellberg I*,
*Kellberg II*, and *Kellberg III*. Thus, any relitigation of Kellberg's same prior claims
would be inconsistent with the dispositions in the three prior cases, and it would be
a waste of judicial resources to again adjudicate claims stemming from the same
claims as were presented in the three prior cases. Therefore, the Court finds it is
appropriate to raise the doctrine of res judicata sua sponte.

Res judicata, or claim preclusion, provides that "a final judgment on the
merits of an action precludes the parties or their privies from relitigating issues that
were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94
(1980). Res judicata is applicable when (1) the prior litigation and the present
action involve the same claims, or when the two cases have an "identity of claims;"
(2) a final judgment on the merits was entered in the prior litigation; and (3) there
exists privity between the parties in the two cases. *Headwaters, Inc. v. United
States Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005) (citations omitted).

4

In assessing whether two litigation matters involve the same claims, a court must consider:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

*Headwaters, Inc.*, 399 F.3d at 1052.

Here, Kellberg's statements and the timeframe of Shelbourne's alleged conduct are identical to those presented in *Kellberg I*, *Kellberg II*, and *Kellberg III*. A judgment was entered in *Kellberg I* and *Kellberg II* dismissing those cases, and Kellberg did not appeal either judgment thereby rendering the judgments final. Shelbourne's entitlement to the finality of the judgments in *Kellberg I* and *Kellberg II* would be impaired by relitigation of the same claims in this action. Therefore, Kellberg's claims advanced in this case are barred by the doctrine of res judicata.

Therefore, IT IS HEREBY RECOMMENDED that Kellberg's motion for leave to proceed in forma pauperis be DENIED on the grounds that his complaint is frivolous, fails to state a claim upon which relief could be granted, and is barred under the doctrine of res judicata.

Kellberg, however, is free to pay the applicable filing fee to commence this action in lieu of being granted leave to proceed in forma pauperis under 28 U.S.C. § 1915. If Kellberg pays the filing fee he may attempt to prosecute this action further.

A plaintiff is not entitled to file objections to a United States Magistrate Judge's recommendation that a motion to proceed in forma pauperis be denied. *Minetti*, 152 F.3d at 1114. Therefore, the Clerk of Court is directed to forward this recommendation to presiding District Judge for immediate consideration without awaiting a possible objection from Kellberg.

DATED this 27th day of March, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge

6